UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENESSA HUTCHINSON | CIVIL ACTION |
| VERSUS | NO. 20-2775 |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | SECTION "A" (3) |

**ORDER AND REASONS**

Before the Court is a Motion to Remand (Rec. Doc. 4) filed by Plaintiff Denessa Hutchinson. Defendant Government Employees Insurance Company ("GEICO") opposes the motion. (Rec. Doc. 6). The motion, set for submission on November 25, 2020, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Plaintiff's motion is DENIED for the reasons set forth below.

**I.   Background**

On January 22, 2020, Plaintiff filed suit against GEICO, her uninsured/underinsured motorist "UM" insurance company, in Civil District Court for the Parish of Orleans for damages sustained in a motor vehicle accident on January 23, 2019. (Rec. Doc. 1-1, Petition). Plaintiff asserts that the tortfeasor, Darrien Dufrene, was underinsured and that GEICO is obligated to compensate her for her medical expenses and damages resulting from the accident. *Id.* In her petition, Plaintiff alleges that she suffered unspecified mental and physical damages, loss of wages, property damages, and medical expenses. *Id.* On April 4, 2019, Plaintiff submitted a pre-suit demand letter to GEICO summarizing her claims and attaching medical records of treatment, diagnostic

testing reports, recommendations of Plaintiff's treating physician for further treatment, and medical expense billing. (Rec. Doc. 4-4).

GEICO propounded discovery to Plaintiff, and Plaintiff answered on September 10, 2020, by producing medical records which included estimates for cervical and lumbar epidural steroid injections and MRI results. (Rec. Doc. 1-2, Discovery and Medical Records Produced). Plaintiff produced an itemized list with medical bills totaling $16,729.66 for expenses already incurred, and an estimate of the cost for future treatment totaling $8,714.00. (Rec. Doc. 1-2, p. 8, 64, 69). Plaintiff also produced a treatment plan estimate for proposed dental work dated November 19, 2019, totaling $28,970.00. (Rec. Doc. 1-2, p. 132-33). The Court notes that Plaintiff's pre-suit demand letter does not reference treatment for a dental injury. (Rec. Doc. 4-4). On October 9, 2020, GEICO removed the action to this Court. (Rec. Doc. 1).

Plaintiff moves to remand this action to state court. Plaintiff agrees that the amount in controversy exceeds the $75,000 threshold for removal. (Rec. Doc. 4). However, Plaintiff asserts that GEICO's removal was untimely. *Id.*

II. **Legal Standard**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> …
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

With regard to triggering the 30-day time removal from the defendant's receipt of the initial pleading, as provided in § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.' " *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

With regard to triggering the 30-day time period from the Defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has held that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*,

288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1). Additionally, the Fifth Circuit has held that a pre-suit demand letter does not constitute an "other paper" pursuant to § 1446(b)(3), because a defendant must receive the "other paper" after the initial pleading in order to trigger the 30 day removal period. *Chapman*, 969 F.2d, at 164.

### III.  Law and Analysis

Plaintiff argues that GEICO's removal is untimely and GEICO should have filed its Notice of Removal within 30 days of the original service of the lawsuit, because GEICO was in receipt of Plaintiff's pre-suit demand letter detailing Plaintiff's medical expenses and treatment plans. (Rec. Doc. 4). Plaintiff further contends that GEICO has falsely asserted that it had received Plaintiff's medical records and bills for the first when GEICO propounded discovery, because GEICO received the information with Plaintiff's demand letter. *Id.*

It is undisputed that the pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Additionally, Plaintiff's pre-suit demand letter does not constitute an "other paper" pursuant to § 1446(b)(3) and, as the Court has noted, did not contain reference to the estimate for Plaintiff's proposed dental work. Accordingly, the 30-day period for removing the action was not triggered by service of the pleading.[1]

---

[1] The current issue is not whether the matter could have been removed based on the allegations in the pleadings or subsequent discovery. The burden of proof is on the removing defendant to establish that

GEICO removed this action within 30 days of receiving Plaintiff's discovery responses, which included the information "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Thus, the Court finds that GEICO's Notice of Removal was timely.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by Plaintiff Denessa Hutchinson is **DENIED**.

February 3, 2021

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* This analysis, however, is separate from the instant matter's timing issues and the standard used to determine when the 30-day removal period has begun.